UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ALEXANDER GRAVESBEY CDCR #E-20555,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER TOMICA BYRD-HUNT; C/O NAVARRO; OFFICER P. COVELLO,<br><br>Defendants. | Case No.: 3:19-cv-00372-CAB-RBM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. 10.]** |

I.  **INTRODUCTION**

Plaintiff Rodney Alexander Gravesbey ("**Plaintiff**"), incarcerated at Richard J. Donovan Correctional Facility ("**RJD**"), filed a 42 U.S.C. § 1983 ("**Section 1983**") civil rights Complaint and is proceeding *in pro per* and *in forma pauperis*. (*See generally* Docs. 1, 3.) Plaintiff's Motion and Declaration for Appointment of Counsel ("**Motion**") seeks appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and 18 U.S.C. § 3006A. (Doc. 10, at 1.) Plaintiff claims appointment of counsel is necessary because the issues in the case are particularly complex, Plaintiff suffers from a mental disability, discovery is needed

1

3:19-cv-00372-CAB-RBM

pursuant to Habeas Rule 6(a)[1] and Plaintiff is suffering adverse confinement conditions related to his filing of the instant Complaint. (Doc. 10, at 1.) Additionally, Plaintiff claims disabilities, including low cognitive functioning and visual impairment, make it difficult to read, write and understand material relating to the instant case. (Doc. 10, at 3-4.) After a thorough review of the moving papers, the Court does not find exceptional circumstances justifying appointment of counsel at this time. Accordingly, Plaintiff's Motion is **DENIED**, without prejudice.

## II. BACKGROUND

Plaintiff's initial Complaint asserts Section 1983 claims against correctional officers Tomica Byrd-Hunt ("**Byrd-Hunt**"), O. Navarro ("**Navarro**") and Warden P. Covello ("**Covello**"). (Doc. 1.) In a pre-answer screening of the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court, *sua sponte*, dismissed Navarro and Covello from the case in its Order of April 4, 2019. (Doc. 3, at 5-6.) The remaining claims against Byrd-Hunt assert violations of the First and Eighth Amendments. (Doc. 1, at 3-6.) Specifically, Plaintiff claims Byrd-Hunt retaliated against him, burdened Plaintiff's exercise of religious activity, and allowed a dangerous condition of confinement to exist. (*Id.*)

On June 4, 2019, this Court granted Plaintiff's Motion for Leave to File an Amended Complaint and Supplemental Complaint, wherein Plaintiff sought to allege further causes of action against additional defendants. (Docs. 6-7.) To date, Plaintiff has yet to file a First Amended Complaint. Now Plaintiff seeks appointment of counsel to litigate his civil claims.

## III. APPLICABLE LAW

Generally, a person has no right to court-appointed counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in Section 1983 action, citing *Storseth v. Spellman*, 654 F.2d 1349,

---

[1] Plaintiff's Complaint asserts claims arising under Section 1983 and does not seek habeas corpus relief under 28 U.S.C. § 2254. As such, Plaintiff's citation to Habeas Rule 6(a) is not well-taken.

1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants but only under "exceptional circumstances." *Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these considerations is dispositive but instead must be viewed together. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO, 2014 U.S. Dist. LEXIS 72791, at *1 n.1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in [Section 1983 cases] only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 U.S. Dist. LEXIS 53053, at *3 (D. Ariz. May 3, 2010) ("appointment of counsel in a civil case is rarely invoked . . . "); *see also Schwartzmiller v. Roberts*, No. 19-1276-FR, 1994 U.S. Dist. LEXIS 1620, at *3 n.1 (D. Or. Feb. 11, 1994) ("[i]t is extremely rare that indigent civil defendants are appointed counsel in judicial proceedings").

### IV. DISCUSSION

Here, there are no "exceptional circumstances" to justify appointment of counsel at this time. First of all, this Court recently granted Plaintiff leave to file a First Amended Complaint such that litigation remains in the initial pleading stage. (Doc. 7.) In light of same, it is difficult to determine Plaintiff's likelihood of success on the merits of his claims. To the extent this case proceeds beyond summary judgment, the Court will be in a better position to make such determination.

Liberally construing Plaintiff's Complaint, Plaintiff's Section 1983 claims assert violations of the First and Eighth Amendments. (Doc. 1, at 3-6; see, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (requiring federal courts to liberally construe pleadings of *pro se* litigations) (citation omitted).) As in *Terrell*, the nature of the issues raised in Plaintiff's Complaint are not sufficiently complex to warrant appointment of counsel. *See* 935 F.2d at 1017 (affirming denial of request for appointment of counsel and reasoning claim alleging Eighth Amendment violations not sufficiently complex to warrant appointment of counsel).

Although Plaintiff claims to suffer disabilities, Plaintiff demonstrates literacy and an ability to communicate through pleadings and motions to sufficiently articulate his claims *pro se*. *Palmer*, 560 F.3d at 970 (affirming denial of appointment of counsel where a plaintiff demonstrates ability to effectively present case). Likewise, the exhibits appended to Plaintiff's Complaint demonstrate an ability to examine witnesses and participate in a factual investigation of his claims. (*See generally* Doc. 1, 9-15.)

To support the instant Motion, Plaintiff claims he is suffering retaliation relating to filing his Complaint. (Doc. 10, at 1.) However, this assertion is merely duplicative of the allegations in the Complaint such that it does not warrant appointment of counsel. (Doc. 1, 3-4.)

Considering the nature of Plaintiff's claims together with Plaintiff's ability to articulate such claims, the Court does not find exceptional circumstances exist to justify appointment of counsel at this time. If this case proceeds beyond summary judgment, the Court may consider appointment of trial counsel.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**, without prejudice.

DATE: June 20, 2019

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE