| | |
|---|---|
| RODNEY ALEXANDER GRAVESBEY CDCR #E-20555, | Case No.: 3:19-cv-00372-CAB-RBM |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE REGARDING DEFENDANT T. BYRD-HUNT'S MOTION TO DISMISS COUNT 3 OF THE COMPLAINT [Doc. 12]** |
| v. | |
| OFFICER TOMICA BYRD-HUNT; C/O NAVARRO; OFFICER P. COVELLO, | |
| Defendants. | **AND** |
| | **SUA SPONTE ORDER REGARDING PLAINTIFF'S FIRST AMENDED COMPLAINT & GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT [Docs. 22, 26, 28]** |
| | **[Docs. 12, 22, 26, 28.]** |

1

# I. INTRODUCTION

Plaintiff Rodney Alexander Gravesbey ("Plaintiff"), a California prisoner proceeding *in pro per* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against several staff members at Richard J. Donovan Correctional Facility ("RJD"). (Docs. 1, 22, 26, 28.) Although this action is in the initial pleading stage, a lengthy procedural posture ensued and is outlined in detail below. In short, the only causes of action in the Complaint filed February 22, 2019 ("Initial Complaint") which survived a pre-answer screening are against Defendant T. Byrd-Hunt ("Byrd-Hunt"). (Docs. 1, 3.) Byrd-Hunt subsequently filed a Motion to Dismiss Count 3 of the Initial Complaint ("Initial MTD"). (Docs. 1, 12.) Thereafter, the undersigned granted Plaintiff several extensions of time to file **either** an amended complaint **or** an opposition to the Initial MTD. (Docs. 7, 15, 19, 21.)

At issue is Plaintiff's contemporaneous filing of three documents on August 30, 2019, two of which are accepted *nunc pro tunc* to August 30, 2019: a "Supplemental Complaint [and] Amended Complaint" ("First Amended Complaint"); an "Opposition to Defendant['s] Motion to Dismiss Count 3" ("Opposition to Initial MTD"); and a "First Amended Complaint and Opposition to Defendant['s] Motion to Dismiss" ("Combined Amended Complaint & Opposition to Initial MTD"). (Docs. 22, 26, 28.) As to the latter two filings, the Clerk of Court submitted two separate Notice of Document Discrepancies to the undersigned based upon the duplicative nature of these filings and Plaintiff's failure to comply with Local Civil Rule 15.1(a) which requires an amended pleading to be "complete in itself." (Docs. 25, 27.)

While the two Notice of Document Discrepancies were pending a ruling by the undersigned, Byrd-Hunt filed a Motion to Dismiss the First Amended Complaint ("Second MTD"). (Doc. 24.)

For the reasons outlined below, the undersigned Judge **GRANTS** Plaintiff leave to file a Second Amended Complaint in compliance with Civil Local Rule 15.1(a). As to Byrd-Hunt's Initial MTD, the undersigned Judge issues a Report and Recommendation

2

pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(e). After a thorough review of the Initial MTD and supporting documents, this Court respectfully recommends Defendant Byrd-Hunt's Initial MTD be **DENIED**, without prejudice. (Doc. 12.)

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Initial Complaint

The Initial Complaint asserts, in part, Eighth Amendment violations for cruel and unusual punishment which are premised upon Byrd-Hunt's alleged refusal to contact a plumber to repair a clogged toilet in Plaintiff's cell. (Doc. 1, at 6.) The Initial Complaint also alleges Byrd-Hunt filed a false Rules Violation Report ("RVR") in retaliation against Plaintiff. (*Id.*)

The Court's April 4, 2019 order dismissed causes of action against Correctional Officer O. Navarro ("Navarro") and Officer P. Covello in connection with a pre-answer screening pursuant to 28 U.S.C. § 1915A(a). (*See generally* Docs. 1, 3.) Thereafter, Plaintiff filed a Motion for Leave to File an Amended Complaint seeking to allege further causes of action against additional defendants. (Doc. 6.) On June 4, 2019, the undersigned granted Plaintiff leave to file an amended superseding pleading. (Doc. 7.)[1]

### B. Initial MTD

On June 27, 2019, Byrd-Hunt filed an Initial MTD seeking to dismiss Count 3 of the Initial Complaint including Plaintiff's claims asserting violations of the Eighth and Fourteenth Amendments. (Doc. 12.) Byrd-Hunt contends Plaintiff fails to state cognizable claims for relief and argues entitlement to a qualified immunity defense. (Doc. 12, at 5-8.)

### C. Court's Orders on Plaintiff's Motions for Extension of Time

On July 1, 2019, Plaintiff filed a "Motion for Extension of Time," which this Court construed as a motion for extension of time to file an amended complaint. (Docs. 14-15.) The Court granted Plaintiff an extension of time to file an amended superseding pleading

---

[1] At the time the Court issued its order granting Plaintiff leave to file an amended complaint, it was not necessary for Plaintiff to seek leave of court because the timelines for amendment as a matter of course had yet to expire. (Doc. 7, at 2; *see also* Fed.R.Civ.P. 15(a)(1).)

and cautioned Plaintiff that if he failed to file an amended pleading by July 31, 2019, the Court would proceed with issuing a Report and Recommendation on the Initial MTD. (Doc. 15, at 4.) On July 30, 2019, Plaintiff filed a second motion for extension of time to file an amended complaint and/or opposition to the Initial MTD, which this Court granted. (Docs. 16, 19.) The Court's order explained that it was not necessary for Plaintiff to file both an amended pleading and opposition to the Initial MTD, explaining that an opposition to the Initial MTD need only be filed "[t]o the extent Plaintiff elects not to file a First Amended Complaint." (Doc. 19, at 3.) Plaintiff subsequently filed a third motion for extension of time, and the Court granted Plaintiff up through August 30, 2019 to file **either** a First Amended Complaint **or** an opposition to the Initial MTD. (Doc. 21, at 3-4.)

### D. Plaintiff's Response to Initial MTD

As set forth *supra*, Plaintiff filed a First Amended Complaint on August 30, 2019, and contemporaneously filed an Opposition to the Initial MTD and Combined Amended Complaint & Opposition to the Initial MTD. (*Supra*, p. 2; Docs. 22, 26, 28.) The latter two filings are accepted *nunc pro tunc* to August 30, 2019. (Docs. 25, 27.)

#### i. First Amended Complaint

Plaintiff's First Amended Complaint seeks to redress a litany of alleged Constitutional violations, including:

> abuse of authority, sexual harassment, deprivation of a constitution[al] right to be free from threat of violence, verbal sexual harassment, cruel and unusual punishment . . . deliberate indifference, failure[] to [] protect, violation of the Prison Rape Elimination Act . . . psychological harm, poor prison supervisors and prison policies . . . violation of . . . equal protection for gender discrimination, restriction of right to exercise of religious freely . . . .

(Doc. 28, at 1:18-27.) However, the First Amended Complaint fails to include any factual allegations to support any claimed Constitutional violation. Instead, it includes a "Memorandum of Authority" containing citations to statutes, caselaw, regulations and secondary authority and twenty-four pages of exhibits comprising of Plaintiff's mental health records, inmate appeal forms and RVRs. (*Id.* at 2-6.)

4

       *ii.    Combined Amended Complaint & Opposition to Initial MTD*

The Combined Amended Complaint & Opposition to Initial MTD intermingles extensive factual allegations in support of Plaintiff's causes of action against Byrd-Hunt with legal argument opposing Byrd-Hunt's Initial MTD. As indicated *supra*, although this document was filed *nunc pro tunc* to August 30, 2019, the filing of this document was delayed due to filing discrepancies which were pending a ruling by the undersigned. *Supra*, p. 2. On September 23, 2019, the undersigned ordered the document to be filed notwithstanding the discrepancies. (Doc. 27.)

The first eleven pages of this document are apparently Plaintiff's opposition brief to Byrd-Hunt's Initial MTD. (Doc. 28, at 1-11.) Plaintiff sets forth factual allegations in support of his Eighth Amendment claim. (*Id.* at 2.) Plaintiff claims Byrd-Hunt acted with an intent to discriminate against Plaintiff in violation of the Equal Protection Clause, committed acts of verbal harassment intended to humiliate or endanger Plaintiff and otherwise acted deliberately indifferent to his safety. (*Id.* at 3-7.) Plaintiff also alleges Navarro assaulted him. (*Id.* at 11.) Plaintiff contends Byrd-Hunt's Initial MTD should be denied. (*Id.*)

Next, Plaintiff vaguely styles the next five pages of the document as his Complaint. (*Id.* at 12-16.) Plaintiff alleges he was denied procedural due process relating to (1) Byrd-Hunt's false RVR against Plaintiff, and (2) Plaintiff's grievance against Byrd-Hunt. (*Id.* at 14-16.)

Lastly, Plaintiff styled seven pages of this document as a "Memorandum of Authority," wherein Plaintiff cites various caselaw to oppose Byrd-Hunt's qualified immunity defense. (*Id.* at 17-24.)

       *iii.    Opposition to Initial MTD*

The filing of Plaintiff's Opposition to Initial MTD was also delayed due to filing discrepancies. On September 23, 2019, the undersigned accepted this document to be filed *nunc pro tunc* to August 30, 2019. (Doc. 25.)

///

3:19-cv-00372-CAB-RBM

This document sets forth factual allegations claiming Byrd-Hunt violated Plaintiff's First Amendment rights, including denying Plaintiff the ability to attend religious services and committing acts in retaliation against Plaintiff. (Doc. 26, at 2-3.) Additionally, Plaintiff asserts entirely new factual allegations evidencing violations of his Eighth Amendment rights, wherein Plaintiff claims Byrd-Hunt acted with deliberate indifference to a serious threat to Plaintiff's safety. (*Id.* at 6-8.)

### E.   Second MTD

At the time Byrd-Hunt filed her Second MTD on September 9, 2019, the only amended pleading on file was Plaintiff's First Amended Complaint. (Docs. 22, 24.) Although the Combined Amended Complaint & Opposition to Initial MTD and Opposition to the Initial MTD are accepted *nunc pro tunc* to August 30, 2019, these documents were not on file at the time Byrd-Hunt filed the Second MTD. (Docs. 26, 28.)

The Second MTD argues the First Amended Complaint lacks any factual allegations to support any violation of Plaintiff's rights. (Doc. 24, at 2-4 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (requiring complaint to set forth sufficient factual allegations to establish "plausible" claim for relief as opposed to a mere "naked assertion of [a claim] . . . without some further factual enhancement . . . .").) Byrd-Hunt also contends Plaintiff's failure to reallege his First and Eighth Amendment claims in the First Amended Complaint constitute a waiver of the claims which were originally asserted in the Initial Complaint. (Doc. 24, at 4.) Finally, Byrd-Hunt cites to Civil Local Rule 15.1(a) which requires an amended pleading to be complete in itself without reference to the superseded pleading. (*Id.*) Based upon the foregoing deficiencies, Byrd-Hunt contends the First Amended Complaint should be dismissed for failure to state a cognizable claim for relief.

### III.   **DISCUSSION**

Plaintiff is a prisoner proceeding pro se. Thus, the Court must liberally construe Plaintiff's filings and it cannot hold muddled draftsmanship against Plaintiff. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

### A. First Amended Complaint Supersedes Initial Complaint

The Initial Complaint is no longer of any legal effect because the First Amended Complaint now supersedes the Initial Complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (stating, "it is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotations and citations omitted). In circumstances where a plaintiff elects to file an amended complaint, the district court may treat a previously-filed motion to dismiss on the initial complaint as moot. *Collins v. Winex Investments, LLC*, Case No. 08-cv-51-L-CAB, 2008 WL 92752*1 (S.D. Cal. Apr. 4, 2008); *Hugler v. Euroamerican Propagators, LLC*, Case No. 17-cv-00131-H-RBB, 2017 WL 6944474*1 (S.D. Cal. June 5, 2017). Given that the Initial Complaint is no longer the operative pleading, the undersigned hereby recommends Byrd-Hunt's Initial MTD be **DENIED** as moot.

### B. Construing Plaintiff's Duplicative Filings

Plaintiff styled the First Amended Complaint as a "supplemental complaint." (Doc. 22.) However, the causes of action and factual allegations set forth in the Initial Complaint cannot incorporated by reference into the First Amended Complaint because this District's Civil Local Rules requires an amended complaint to be "complete in itself without reference to the superseded pleading." CivLR 15.1(a). Solely examining Plaintiff's First Amended Complaint in isolation, the pleading is deficient because it merely asserts bare-bones allegations of Constitutional violations that are devoid of any factual allegations to support the claimed violations. (Doc. 22; *see* Fed.R.Civ.P. 8(a) (requiring short and plain statement of claims showing pleader is entitled to relief); *Twombly*, *supra* p. 6, 550 U.S. at 555.)

Although the First Amended Complaint is deficient, Plaintiff's contemporaneous filings demonstrate a clear intent to set forth additional factual allegations and causes of action against Byrd-Hunt by way of an amended, superseding pleading. *Blaisdell*, 729 F.3d at 1241. Given the liberal policy favoring amendments to pleadings and considering Plaintiff's pro se status, the Court **GRANTS** Plaintiff leave to file a Second Amended

Complaint in conformance with Civil Local Rule 15.1(a) and Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 15(a)(2) (stating, "[t]he court should freely give leave [to amend a pleading] when justice so requires."); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986) (stating, "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P. . . . .") (internal quotations and citations omitted); *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (stating, "[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.") (internal quotations and citations omitted).

The Court **CAUTIONS PLAINTIFF** that **BYRD-HUNT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT IS STILL PENDING**. To the extent Plaintiff elects to file a Second Amended Complaint, Plaintiff **DOES NOT** need to file a response in opposition to Byrd-Hunt's Motion to Dismiss the First Amended Complaint. However, **IF** Plaintiff **FAILS TO TIMELY FILE A SECOND AMENDED COMPLAINT**, the Court will proceed with issuing a Report and Recommendation on Byrd-Hunt's Motion to Dismiss the First Amended Complaint.

## IV.    CONCLUSION

For the reasons discussed, the Court:

(1)    Respectfully submits this Report and Recommendation to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(e). For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the Court issue an order (1) approving and adopting this Report and Recommendation; and (2) **DENYING** Defendant Byrd-Hunt's Motion to Dismiss Count 3 of the Complaint without prejudice (Doc. 12).

(2)    **ORDERS** that no later than **OCTOBER 7, 2019**, any parties to this action may file written objections to this Report and Recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

(3)    **ORDERS** that any reply to the objections shall be filed with the Court and

served on all parties no later than **OCTOBER 21, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

(4)  **GRANTS** Plaintiff leave to file a Second Amended Complaint.

(5)  **DIRECTS** the Clerk of Court to send Plaintiff a blank Civil Rights Act 42 U.S.C. § 1983 form Complaint.

(6)  To the extent Plaintiff elects to file a Second Amended Complaint, Plaintiff is **DIRECTED** to use the blank form Complaint provided by the Clerk of Court **AND** allege any and all claims against each Defendant in one pleading **WITHOUT** reference to any of the superseded pleadings (i.e., the Initial Complaint or First Amended Complaint). Plaintiff is granted up through **NOVEMBER 7, 2019** to file a Second Amended Complaint.

(7)  **GRANTS** Plaintiff an extension of time to file an opposition to Byrd-Hunt's Motion to Dismiss the First Amended Complaint up through **NOVEMBER 7, 2019**. Plaintiff should file an opposition to Byrd-Hunt's Motion to Dismiss the First Amended Complaint **ONLY IF** Plaintiff elects not to file a Second Amended Complaint.

**IT IS SO ORDERED**.

DATE:  September 23, 2019

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

9