UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ALEXANDER GRAVESBEY CDCR #E-20555,<br><br>Plaintiff,<br><br>v.<br><br>C/O TOMICA BYRD-HUNT; et al.,<br><br>Defendants. | Case No.: 3:19-cv-00372-CAB-RBM<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1); AND**<br><br>**(2) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>[Doc. 37] |

## I.   INTRODUCTION

Plaintiff Rodney Alexander Gravesbey ("Plaintiff") was a California state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. (Docs. 3, 31.) On December 26, 2019, Defendant T. Byrd-Hunt ("Defendant") filed a Motion to Dismiss Certain Claims in Plaintiff's Second Amended Complaint ("Motion to Dismiss"). (Doc. 37.) During the pendency of the parties' briefing schedule on the Motion to Dismiss, Plaintiff passed away on or around February 19, 2020 at the Richard J. Donovan Correctional Facility ("RJD"). (Docs. 39-43.)

On April 13, 2020, Defendant filed and served a Renewed Notice of Suggestion of Plaintiff's Death ("Renewed Notice"), serving Plaintiff's next of kin and other relatives pursuant to Rule 25 of the Federal Rules of Civil Procedure.[1] (Doc. 43); *see infra* pp. 2-3. This filing commenced the running of a ninety-day period for Plaintiff's successors or representatives to file a motion for substitution in this case. *See* FED. R. CIV. P. 25(a)(1), (3). To date, Plaintiff's next of kin and other relatives have not filed a motion to substitute as Plaintiff's successors or representatives, and the time in which to do so has now expired. For the reasons outlined below, the Court **DISMISSES** this case in its entirety without prejudice and **DENIES** Defendant's Motion to Dismiss as moot.

## II.   BACKGROUND

Defendant admits she does not know the identity of the personal representative of Plaintiff's estate. (Doc. 43 at 1.) However, Defendant's March 16, 2020 Notice attaches several records from Plaintiff's prison file identifying the following individuals as Plaintiff's next of kin and/or relatives: Herbert Washington ("Washington") of Magnolia, Delaware (the individual Plaintiff purportedly listed as his next of kin who should be notified in the event of his death); Shelia Freeman ("Freeman") of Baltimore, Maryland (apparently Plaintiff's sister); Neal Cassidy ("Cassidy") of Berkeley, California (relationship unknown); Desthat or Theotha Woodburn (apparently Plaintiff's sister); Desheda Brown ("Brown") of Baltimore, Maryland (apparently Plaintiff's sister); Robert Gravesbey of Baltimore, Maryland (apparently Plaintiff's brother); and Adjeala Gravesbey of Baltimore, Maryland (apparently Plaintiff's son).[2] (Doc. 41 at 2, Exs. A-B at 4-18.)

---

[1] On March 16, 2020, Defendant filed a Notice of Suggestion of Plaintiff's Death ("March 16, 2020 Notice") and served this Notice to several of Plaintiff's relatives identified in Plaintiff's prison file. (Doc. 41 at 2, Exs. A-B at 4-18, 19-20.) At that time, Defendant did not know the identity of the personal representative of Plaintiff's estate. (*Id.* at 1-2.) On April 8, 2020, Magistrate Judge Ruth Bermudez Montenegro ordered Defendant to file a renewed statement noting Plaintiff's death, accompanied by a sworn affidavit detailing Defendant's good-faith efforts to identify Plaintiff's successors or representatives for purposes of effecting proper service pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Doc. 42 at 4-5); *see also* FED. R. CIV. P. 25(a)(3).

[2] The Renewed Notice cites Plaintiff's prison records but does not attach the records as exhibits, therefore, reference is made to the March 16, 2020 Notice. (Doc. 43 at 2.)

Defendant attempted service of the March 16, 2020 Notice to Washington, Freeman, Cassidy, Brown, Robert Gravesbey, and Adjeala Gravesbey, but the Court's April 8, 2020 Order found service ineffective under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 41 at 19-20; Doc. 42 at 4.) Magistrate Judge Montenegro required Defendant to file a renewed notice accompanied by a sworn affidavit detailing Defendant's good-faith efforts to identify Plaintiff's successors or representatives for purposes of effecting proper service. (Doc. 42 at 4.) Defendant served the Renewed Notice via certified mail, return receipt requested, to Washington, Freeman, Cassidy, Brown, Robert Gravesbey, and Adjeala Gravesbey. (Doc. 43 at 7.)

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 25(a) provides that if a party to a claim dies, unless substitution is made within ninety days after service of a statement noting the death, the action by the decedent must be dismissed. Service of a statement noting death triggers commencement of a ninety-day period for substitution, which is accomplished by an affirmative two-step process. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). First, a party must file a statement noting death. *Barlow*, 39 F.3d at 233 (citation omitted); FED. R. CIV. P. 25(a)(1), (3). Second, a party must serve the statement upon nonparty successors or representatives in the manner provided in Rule 4 for service of summons. *Barlow*, 39 F.3d at 233 (citation omitted); FED. R. CIV. P. 25(a)(3).

Service of the statement noting death "may be made in any judicial district." FED. R. CIV. P. 25(a)(3). Pursuant to Rule 4(e)(1), "an individual . . . may be served in a judicial district in the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Given that this Court is located in California, service is valid if it complies with California law governing service of a summons. Service of summons on persons outside of California may be completed "by sending a copy . . . to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service . . . by this form is deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code §

415.40 (West 2016). If the motion for substitution is not made "within [ninety] days after service of a statement nothing the death, the action by . . . the decedent must be dismissed." *See* FED. R. CIV. P. 25(a)(1).

### IV. DISCUSSION

According to Plaintiff's prison records, Plaintiff identified Washington as his next of kin to be contacted in the event of his death. (Doc. 41 at 2, Exs. A-B at 4-18.) According to the Declaration of Terrence F. Sheehy, Defendant's counsel, Sheehy communicated with Washington regarding this litigation and Plaintiff's death wherein Washington acknowledged receipt of the March 16, 2020 Notice. (Doc. 43 at 5, ¶ 3.) Sheehy inquired with Washington as to Plaintiff's other living relatives, but Washington could not produce any contact information. (*Id.*) Although Plaintiff's personal representative has not been identified, Sheehy's sworn affidavit demonstrates Defendant's good-faith effort to ascertain this information. (Doc. 43 at 5-6.)

On April 13, 2020, Defendant served the Renewed Notice upon Washington and five additional relatives of Plaintiff via certified mail, return receipt requested. (Doc. 43 at 7); FED. R. CIV. P. 4(e)(1); Cal. Civ. Proc. Code § 415.40. As to Washington, he acknowledged receipt of the March 16, 2020 Notice and it appears service of the Renewed Notice has been properly effected. (Doc. 43 at 5, 7.) Defendant's good-faith attempt to ascertain Plaintiff's personal representatives, coupled with service of the Renewed Notice upon Plaintiff's next of kin, affirmatively discharged the two-step process to trigger commencement of the ninety-day period in which to file a motion for substitution in this case. FED. R. CIV. P. 25(a)(1); *see also Gruenberg v. Maricopa Co. Sheriff's Office*, 2008 WL 2001253, at **1-2 (D. Ariz. May 7, 2008) (service on deceased pro se prisoner plaintiff's representative or successor not required where defendant made good faith effort to identify such persons but was unable to do so); *Lawson v. Co. of Wayne*, 2012 WL 5258216, at **2-3 (E.D. Mich. Oct. 23, 2012) (directing defense counsel serving statement noting death to make good faith effort to locate deceased pro se prisoner plaintiff's successor); *Mayfield v. Maxwell*, 2018 WL 3539467, at *2 (M.D. Tenn. June 23, 2018)

(defendant made good faith effort to locate deceased pro se prisoner plaintiff's successors for purposes of serving statement noting death); *see also Jackson v. Rowlett*, 2007 WL 397114, at *1 (E.D. Cal. Jan. 31, 2007) (ordering defendant's counsel to make reasonable investigation to ascertain deceased defendant's successor or representative for purposes of serving suggestion of death in context where plaintiff is a pro se prisoner).

To date, Washington nor any other relative has filed a motion to substitute themselves as Plaintiff's representative or successor, and the time in which to do so has now expired. As such, this case must be dismissed. *See* FED. R. CIV. P. 25(a)(1).

## V. CONCLUSION

Accordingly, the Court **DISMISSES** this case in its entirety without prejudice pursuant to Federal Rule of Civil Procedure 25(a) and **DENIES** Defendant's Motion to Dismiss (Doc. 37) as moot. The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

Dated: July 23, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge